EPIFANIO VÁZQUEZ ROSADO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, GUAYAMA PART, CARLOS J. RODRÍGUEZ, JUDGE, Respondent.

No. O-72-9. Decided April 20, 1972.

*José Rafael Gelpí* and *Roberto Ortiz Gutiérrez* for petitioner. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for respondent.

PER CURIAM: An information was filed against petitioner for the offense of grand larceny. He filed a motion for dismissal of the information on the ground that probable cause had not been determined according to law and right during the preliminary hearing, consisting in that no evidence as to the existence of probable cause for accusing him was presented before the magistrate who conducted the hearing.

At the hearing set for consideration of the motion to dismiss, the trial judge refused to hear the evidence that would be offered by the defendant to substantiate his contention.

The motion to dismiss was denied after its argumentation.

According to Rule 64 of the Rules of Criminal Procedure, the motion to dismiss an information or complaint, or any count thereof, shall be based, among others, on the following ground:

"(q)■ That an information or complaint, or any count therein, has been filed against defendant, without a magistrate having determined whether there was probable cause or his detention ordered to answer for the offense, according to law and right."[1]

In the case of *Martínez Cortés* v. *Superior Court,* 98 P.R.R. 640 (1970), the defendant therein moved for the dismissal of the information on the ground of subsection (q)■

---

[1] Previously subdivision (q) read thus:

"(q) That the prosecuting attorney has filed an information or any count therein, charging a felony without a magistrate having first determined whether there was probable cause."

of Rule 64 of the Rules of Criminal Procedure. Despite the fact that a magistrate had made the determination of probable cause, as it also occurs in the instant case, the evidence introduced at the hearing set for the discussion of the motion to dismiss revealed that the aforementioned determination of probable cause had not been made according to the law and right. If the defendant in that case had been denied the opportunity to introduce evidence to substantiate his motion, the latter could not have been granted, as it was by virtue of our decision.

Rule 23 of the Rules of Criminal Procedure, which regulates the preliminary hearing, provides that if in the opinion of the magistrate the evidence shows that there is probable cause to believe that an offense has been committed and that the person has committed it, the magistrate shall forthwith hold him to answer for the commission of the offense in the appropriate part of the appropriate division of the Court of First Instance; otherwise the magistrate shall discharge him and order that he be set free.

 In order that a determination of probable cause be made according to law and right, the magistrate's opinion must be grounded on some evidence showing that there is probable cause to believe that the defendant committed the offense. In the total absence of such evidence, the determination of probable cause by a magistrate has not been made according to law and right, and consequently the motion to dismiss the information lies under the aforesaid subsection "q"█ of Rule 64. That contention would be useless if the appropriate court does not admit the introduction of evidence to substantiate it. This does not mean that in the hearing of the motion to dismiss the information on the ground of the aforesaid subsection "q", the correctness of the opinion of the examining magistrate as to the existence of probable

cause is to be considered, except when there is an absolute lack of evidence tending to establish that there exists such probable cause to believe that an offense has been committed and that the defendant committed it. For an examining magistrate to be able to form his opinion at a preliminary hearing as to the existence of probable cause, such determination, in order to be made according to law and right, must be grounded on evidence which leads him to believe that the defendant probably committed an offense.

The order object of review in this case, denying the introduction of evidence, deprives the petitioner of showing that in the preliminary hearing there was no evidence indicating him as probable author of an offense.

Therefore, the writ of certiorari requested must be issued, the order entered by the Superior Court, Guayama Part, on November 8, 1971, must be set aside, and the case must be remanded to said court for further proceedings consistent with this opinion.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.